UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BENJAMIN J. REX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  25-01427 (UNA) |
| | ) | |
| | ) | |
| DEPARTMENT OF JUSTICE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Benjamin J. Rex, representing himself, has filed a complaint against the federal government and an application to proceed *in forma pauperis* (IFP).  In addition, Rex requests a password to file electronically. For the following reasons, the Court grants the IFP application, dismisses the complaint, and denies the motion for a CM/ECF password as moot. *See* LCvR 5.4(b)(2) ("Whether leave of Court should be granted is within the discretion of the judge to whom the case is assigned.").

In November 2024, the Court dismissed as frivolous Rex's civil action against the Federal Bureau of Investigation.  *See Rex v. Fed. Bureau of Investigation*, No. 24-cv-02605, 2024 WL 4854312, at *1 (D.D.C. Nov. 20, 2024) ("Plaintiff's Complaint falls squarely into [the frivolous] category." (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *appeal dismissed*, No. 25-5019 (D.C. Cir. Apr. 24, 2025))). Here, Rex sues the Department of Justice (DOJ) and the Central Intelligence Agency (CIA). He alleges that "various organizations housed" within DOJ "in conjunction with" the CIA "conducted an investigation pertaining to myself" during which "influence was exerted over the employees of the United States District Court which had an affect [sic] on the outcome of the lawsuit 24-cv-02605, favoring the influencers." Compl., ECF No. 1 at

4. Invoking the Fifth Amendment's due process clause, as well as the Fourteenth Amendment, Rex seeks "relief in the form of resolving the issue" in the dismissed case, *id*. at 5, and "$58.29 million . . . for the full dollar amount pertaining to lawsuit 24-cv-02605," *id*. at 4.

Complaints, as here, lacking "an arguable basis either in law or in fact," *Neitzke*, 490 U.S. at 325, and "postulating events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981), are appropriately dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Moreover, federal courts "are without power to entertain claims otherwise within their jurisdiction" that "are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (collecting cases). Accordingly, this case will be dismissed by separate order.

Date: October 28, 2025

_____/s/_____
DABNEY L. FRIEDRICH
United States District Judge